Warner, Chief Justice.
The plaintiff brought his action in the Court below against the •defendant on an open account for the storage of two hundred and forty-six bales of cotton. On the trial of the case the jury found a verdict for the plaintiff for the sum of $627 00, with interest. The defendant made a motion for a new trial, on the following grounds:
1st. Because during the trial of said cause defendant by his counsel, .asked Charles Moody, the plaintiff, he being on the stand as a witness, “What is the annual value of your warehouse in Alabama?” To which the plaintiff objected, when the Court remarked, “It was obliged to admit the evidence, because it did bear, though very remotely, on the issue to be tried. He wished he could exclude it, but he could not. The course of the counsel, however, will not be likely to avail him much before the jury.”
2d. Because the Court erred in refusing to charge the jury, "“That if the cottons of Wright and the Eagle Factory were on storage with Moody, and after the cottons were so stored, Young agreed verbally with Moody that he would be responsible for the storage, this would be the promise to pay the debt of another, and must be in writing to bind the defendant. In order to bind Young by his verbal promise, the evidence must show that the cotton was originally stored by Moody for Wright and the Eagle Factory on the promise of Young that he would pay the storage.”
3d. Because the verdict is excessive, contrary to the evidence, and strongly against the weight of the evidence. The Court overruled the motion, and the defendant excepted, and assigns the same for error.
*As to the first ground of error assigned in the record, we may remark, that a Court is a place where justice is judicially administered, and that the business of the Court should be so conducted by the presiding- Judge as to accomplish that object with dignity and impartiality; whilst the Court must neces *373 sarily exercise its legitimate power and authority, in conducting the business before it, one of the first duties of counsel is to yield a respectful obedience to that authority. The sovereign authority of the State is represented in her Courts of justice.
The expressions of the presiding Judge, as set forth in the record, were uncalled for, and in our judgment, were improper. If the evidence was admissible under the law, then it was the duty of the Court to have admitted it, without expressing its wishes in regard to it. If the evidence was not admissible, then the Court should have ruled it out; the Court cannot be presumed to have any other wishes than to administer the law, and if it has, it is improper to express them in the progress of the trial. Whether these remarks of the Court, in relation to that evidence, will entitle the defendant to a new trial under the facts of the entire case, is a different question.
It is not very apparent what the annual value of the plaintiff’s warehouse had to do with the defendant’s liability to pay for the storage of his cotton in that warehouse, and that evidence, if it had any bearing at all upon the question at issue between the parties, was so remote that if the Court had rejected it we should not have set aside the verdict on that account. The Court, however, in the bill of exceptions, in explanation of the cause of the remarks, also states, that the jury were told by the Court that what had taken place between the Court and the counsel should not influence them, but that they would be controlled by the law and the evidence.
In view of the evidence contained in the record, wholly independent of that to which the remarks of the Court apply, the verdict should not be set aside on that assignment or error. The Court refused to give the charge as requested in the lanbut did the that if the *credit was given to Young, he was liable on his parol promise, and if the credit was not given to Young, he was not liable. The charge, as requested, assumes that there was evidence that the plaintiff received the cotton of Wright, and of the Eagle Factory on storage for them, whereas there is no evidence in the record to sustain that assumption. The evidence is that the plaintiff was the owner of the cotton, had it stored in a warehouse in Tuskegee, intended to hold it during the war, but concluded to sell it; sold eighty-three bales to Young, the defendant, for himself, and fifty-six bales to him as agent for the Eagle Factory, and one hundred and seven bales as agent for. Wright, who was then in Europe; the bills for the cotton were made to Young, because he told the plaintiff that he would ¡pay the storage, that he need have no fear about the storage, as he, Young, would be responsible, and if plaintiff took care of the cotton, he,. Young, would pay him good. This is the contract as proved in relation to the storage of the cotton. The question on the trial was, whether Young agreed to be responsible to the plaintiff for the storage of any more of the cotton besides the eighty-three bales purchased for himself, or whether he agreed *374 to be responsible to the plaintiff for the storage of the cotton purchased by him as the agent of the other parties, and that depends upon the fact whether the credit was given to Young for the storage of the entire lot, or whether any part of it was stored on' the credit of Wright or the Eagle Factory. There is no evidence of any credit for the storage of any part of the cotton having been given by the plaintiff to Wright, or to the Eagle Factory. Jackson, the clerk of the plaintiff, states that the three accounts shown him at the trial were made out, he thinks, by the direction of Young, for his convenience in charging to the respective parties their part of the storage. There does not appear to have been anything strange or unreasonable in giving the credit to Young for the storage of the, cotton which he purchased as agent, when one of his principals was in Europe, and the other resided in a different State than that in which the cotton was stored, the more especially as it appears *from the evidence that Young was the treasurer of the Eagle Factor}’.
The point in the case is, to whom was the credit given by the plaintiff for the storage of the cotton at the time the contract was made for the storage of it. In view of the evidence in relation to that point, there was no error in refusing the charge as requested, and in charging the jury as the Court did.
As to the verdict being contrary to evidence and the weight of the evidence, that depends entirely on tire credit the jury gave to the testimony of the plaintiff’s witnesses. If the jury believed them, as it was their province to do, then the verdict is not against the evidence. The discrepancy or inconsistency in the plaintiff’s accounts, or in his statements in relation thereto, all went to his credit, and it is to be presumed that the defendant’s counsel made the most of it in his argument before the jury. Besides, under the provisions of the 3666th section of the Code, the presiding Judge may exercise a sound discretion in granting or refusing new trials in cases where the verdict may be decidedly and strongly against the weight of evidence, although there may appear to be some slight evidence in favor of the finding. If the Court below had been satisfied that the verdict in this case had been strongly and decidedly against the weight of the evidence, then it would have been his duty, under this section of the Code, to have granted a new trial, but he has refused to do so, and we find no error in that refusal.
Let the judgment of the Court below be affirmed.